IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FIROOZ DELJAVAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-1258-P |
| | § | |
| GOODWILL INDUSTRIES OF FORT WORTH, | § | |
| et al., | § | |
|     Defendants. | § | |

**DEFENDANT GOODWILL INDUSTRIES OF FORT WORTH'S
UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

    1.    Plaintiff has sued Goodwill asserting claims of age and disability discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"). However, it is challenging for Goodwill to understand how Plaintiff connects the various facts scattered throughout his Complaint with the causes of action he asserts. It is also unclear what alleged protected activity Plaintiff claims he engaged in to support his retaliation claim under the ADA or ADEA. And it is unclear whether Plaintiff is asserting other causes of action in his complaint outside the ADA or ADEA.

    2.    Indeed, Plaintiff's Complaint is so vague and ambiguous that Goodwill cannot fully discern the nature of Plaintiff's claims against it and reasonably prepare a response. Accordingly, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Goodwill requests that this Honorable Court order Plaintiff to replead to clearly set forth his causes of action and the facts which he claims supports those causes of action.

1

II.

3. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." There must be factual allegations sufficient to make the claims plausible rather than conceivable, possible, or conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). *Id.* at 678–79. A complaint that provides only labels and conclusions or a formulaic recitation of the elements without sufficient supporting facts is insufficient to show the grounds for the plaintiff to be entitled to relief. *Iqbal*, 556 U.S. at 678.

4. A Motion for More Definite Statement is proper where the allegations in the complaint are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The motion "must point out the deficits complained of and the details desired." *Id*. Rule 12(e) also provides that, if the plaintiff does not comply with the court's order for a more definite statement within 14 days after notice of the order or within the time set by the court, the court may strike the pleading or issue any other appropriate order. *Id.*

5. Allegations of pro se complaints should be liberally construed in favor of the pro se plaintiff. *Reece v. Alcoa Power*, No. 7:15-cv-00078-O, 2015 U.S. Dist. LEXIS 186330, at *5 (N.D. Tex. July 27, 2015) *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, even a liberally construed pro se complaint, must set forth facts giving rise to a claim on which relief may be granted." *Id. quoting Bernard v. Lafayette Consol. Gov't*, No. 13-2339, 2013 U.S. Dist. LEXIS 177109, 2013 WL 6662513, at *6 (W.D. La. Dec. 17, 2013).

III.

6.     Plaintiff acknowledges that he was accused of sexually harassing a coworker by allegedly offering her $1,000 for sex and then fired for "sexual misconduct."[1] However, he contends that this was really pretext for firing him on the basis of his age, disability, and in retaliation for engaging in protected activity.[2]

7.     While it is apparent that Plaintiff asserts claims of age and disability discrimination and retaliation against Goodwill, what is unclear are the facts that support these causes of action. It is also unclear whether Plaintiff is asserting other causes of action that are not clearly stated in the Complaint. Goodwill cannot reasonably highlight every ambiguity in Plaintiff's Complaint, but the issues addressed below concerning the more substantive ambiguities.

8.     Plaintiff claims that he had previously applied for a job at Goodwill's store located on Hulen Street in early 2018, but an unidentified store clerk allegedly saw Plaintiff's "Old face appearance" and asked Plaintiff if he could lift 40 pounds.[3] It is unclear how this allegations relates to Plaintiff's causes of action against Goodwill.

9.     Plaintiff claims that, after being hired by Goodwill to work at its Camp Bowie store, Goodwill's Retail Director Terry Willet visited in October 2018, was surprised to see Plaintiff there due to his "Old face Appearance and perception of not to fit to the task and legal liability in terms of injury," and began to test Plaintiff's ability to

---

[1] *See* Plaintiff's Original Complaint at ¶ 6, p. 9; pp. 15, 18 (doc. 1).
[2] *See* Plaintiff's Original Complaint at pp. 13-15, 19, 21 (doc. 1).
[3] *See* Plaintiff's Original Complaint at ¶ 1, p. 7 (doc. 1).

3

perform his job.[4] Plaintiff fails to set forth any facts supporting his claim as to why he believed Willet thought Plaintiff appeared old or that he was not fit to perform his job, and it is unclear how these allegations relate to Plaintiff being terminated 15 months later.

10. Although Plaintiff acknowledges being investigated for the sexual harassment allegation made against him, he ambiguously states that Willet said he was conducting his investigation because Plaintiff "reported and submitted an affidavit."[5] Later, Plaintiff makes the vague statement that he was the "complainer and accuser" concerning supposed false accusations of sexual harassment.[6] Thus, it is unclear whether Plaintiff contends that the investigation that Willet conducted was because a coworker make a complaint against Plaintiff for sexual harassment or because Plaintiff complained about the coworker falsely accusing him of sexual harassment.

11. Plaintiff claims that Terry Willet, who investigated the incident, made an "Oral Agreement" with Plaintiff.[7] However, the terms of this alleged agreement are not set forth. Later, Plaintiff claims that his termination was a "breach" of this oral agreement,[8] but he does not explain how. It is also unclear whether Plaintiff intends to assert a separate cause of action for the alleged breach of this supposed agreement.

12. Plaintiff states that, during his meeting with Willet when he was conducting his investigation, Willet "seemed to move more into why I was at the doctor

---

[4] *See* Plaintiff's Original Complaint at ¶ 4, p. 8 (doc. 1).
[5] *See* Plaintiff's Original Complaint at ¶ 7 B, p. 9 (doc. 1).
[6] *See* Plaintiff's Original Complaint at ¶ 10, p. 11 (doc. 1).
[7] *See* Plaintiff's Original Complaint at ¶ 7 C, p. 1[ (doc. 1).
[8] *See* Plaintiff's Original Complaint at ¶ 12, p. 12 (doc. 1).

4

and my disability,"[9] but no facts are alleged as to what was discussed with respect to Plaintiff's disability. Plaintiff then makes the conclusory statement that Willet fired him because he reviewed Plaintiff's exhibit (presumably the one attached as Exhibit 1 to the Complaint) and because Plaintiff was seeking treatment for a "locking finger," to which he contends Willet assumed would result in Plaintiff sustaining an injury and making a worker's compensation claim.[10] No facts are asserted to show the basis for Plaintiff's beliefs. Importantly, Plaintiff fails to allege how his condition constituted a disability or how it affected a major life activity.

13.     On page 13 of the Complaint, Plaintiff had a section entitled "Based on direct (disparate impact)" claim and then a section entitled "Indirect (disparity treatment)." To the extent Plaintiff is suing Goodwill under a theory of disparate impact, this claim is vague and ambiguous, and Goodwill cannot parcel out what facts allegedly support it.

14.     Plaintiff claims that Goodwill used the allegation of sexual misconduct against him as pretext for firing him.[11] However, while Plaintiff contends that the allegations against him were false,[12] he does not set forth the basis for how a coworker accusing Plaintiff of sexual harassment constitutes pretext for firing Plaintiff on the basis of his age and disability.

---

[9] *See* Plaintiff's Original Complaint at ¶ 7 B, p. 10 (doc. 1).
[10] *See* Plaintiff's Original Complaint at ¶ ¶ 11-12, pp. 11-12 (doc. 1).
[11] *See* Plaintiff's Original Complaint at . 11, ¶ 2, p. 14; ¶ 3, p 15; ¶ 1 (doc. 1).
[12] *See* Plaintiff's Original Complaint at ¶ 10, p. 11 (doc. 1).

15. Under the header "But For causation," Plaintiff claims that, had the sexual harassment claim made against him been investigated by HR or a neutral person, he would not have been fired because "age was not an issue."[13] The statement "age was not an issue" makes no sense in the context of Plaintiff not being fired for allegedly sexually harassing a coworker. And Plaintiff does not otherwise explain how the investigation been conducted by HR or a neutral person would not have resulted in his termination.

16. Plaintiff alleges, "Retail director acted on pretext termination based on alleged sexual misconducts but disability and medical treatment was for adverse action."[14] This sentence makes no sense.

17. Plaintiff's retaliation claim is so vague and ambiguous that Goodwill does not understand it. Earlier in the Complaint, Plaintiff alleges that he believed Willet had "Conformation Bias" toward him due to a "confident co-workers reported my comment concerning unethical and illegal procedure which I made in employee's breakroom to him."[15] This is presumably a reference to Plaintiff's retaliation claim, as he later references the following alleged incidents in support of his retaliation claim: Plaintiff commenting on money being found in clothing,[16] Plaintiff commenting on workers allegedly staying on property without pay,[17] and Plaintiff helping a coworker who was allegedly being "blocked" from receiving worker's compensation (Plaintiff states that he "assume[s]" Willet knew that Plaintiff provided this coworker with "articles about Workman

---

[13] *See* Plaintiff's Original Complaint at ¶ 2, p. 14 (doc. 1).
[14] *See* Plaintiff's Original Complaint at ¶ 4, p. 15 (doc. 1).
[15] *See* Plaintiff's Original Complaint at ¶ 12, p. 12 (doc. 1).
[16] *See* Plaintiff's Original Complaint at p. 16 (doc. 1).
[17] *See* Plaintiff's Original Complaint at p. 17 (doc. 1).

compensation").[18] However, Plaintiff asserts no facts showing how any of this alleged conduct constituted protected conduct under either the ADA or ADEA.

18. Plaintiff references Title VII[19] but nowhere in his Complaint does he assert any facts to support a claim under Title VII or provide the basis for a Title VII cause of action.

19. Plaintiff states that "it is illegal to retaliate against employees because of participation as a witness in another person's employment discrimination."[20] However, the only instance in which Plaintiff claims he participated as a witness in an employee discrimination claim was the investigation against the Plaintiff after a coworker accused him of offering her $1,000 in exchange for sex. To the extent Plaintiff claims he participated in some other investigation, this is unclear.

20. Plaintiff claims that he was terminated because Willet knew Plaintiff was helping a coworker make a worker's compensation claim and, "Therefore, he found an opportunity to terminate my employment based on Sexual Misconduct."[21] Elsewhere Plaintiff appears to claim that he was fired in retaliation for assisting that other employee with his worker's compensation claim, but this is unclear.[22] It is unknown whether Plaintiff asserts these facts in support of his ADA and ADEA claims or whether he is asserting a separate retaliation claim under another statute.

---

[18] *See* Plaintiff's Original Complaint at pp. 17-18 (doc. 1).
[19] *See* Plaintiff's Original Complaint at pp. 18-19 (doc. 1).
[20] *See* Plaintiff's Original Complaint at pp. 18-19 (doc. 1).
[21] *See* Plaintiff's Original Complaint at p. 18 (doc. 1).
[22] *See* Plaintiff's Original Complaint at pp. 19-20 (doc. 1).

21.     Plaintiff makes the vague claim that Goodwill failed to protect employees, like the Plaintiff, from "staying at goodwill store without pays."[23] However, it is unclear whether Plaintiff asserts this in support of his ADA and ADEA claims or whether he is asserting a separate claim of retaliation under another statute.

22.     Finally, Rule 10(b) requires that Plaintiff's claims or defenses be set forth in numbered paragraphs with each limited as far as practicable to a single set of circumstances. Plaintiff's exercise of this requirement is inconsistent at best and creates an additional challenge in answering each allegation. Accordingly, Goodwill requests that this Honorable Court order Plaintiff to comply with the requirements of Rule 10(b).

IV.
REQUEST FOR RELIEF

23.     Goodwill respectfully requests that this Honorable Court order Plaintiff to amend his complaint to set forth a short and plain statement consisting of plausible, non-conclusory factual allegations supporting each element of each of his causes of action.

24.     Plaintiff should also be ordered to number each paragraph in his complaint with each paragraph limited as far as practicable to a single set of circumstances as required by Rule 10(b).

25.     Finally, Goodwill requests that the Court provide Plaintiff notice that if he fails to amend his pleadings within 14 days in a manner consistent with the Court's order, then Plaintiff's pleadings may be stricken as authorized by Rule 12(e).

WHEREFORE, PREMISES CONSIDERED, Goodwill Industries of Fort Worth, Inc.,

---

[23] *See* Plaintiff's Original Complaint at p. 21 (doc. 1).

respectfully prays that this Honorable Court grant this Motion for More Definite Statement, order Plaintiff to replead as requested herein, notify Plaintiff that his failure to comply within 14 days may result in his pleadings being stricken, and for such other and further relief to which it may be justly entitled.

>Respectfully submitted,
>
>TOUCHSTONE, BERNAYS, JOHNSTON,
>BEALL, SMITH & STOLLENWERCK, LLP
>
>>s/Christian P. Shippee
>>Christian P. Shippee – 24033063
>>christian.shippee@tbjbs.com
>>Attorney-in-Charge
>>Barry A. McCain – 24092787
>>barry.mccain@tbjbs.com
>>1717 Main Street, Suite 3400
>>Dallas, Texas 75201
>>Phone No.: 214-741-1166
>>Fax No: 214-259-8784
>>COUNSEL FOR DEFENDANT GOODWILL INDUSTRIES OF FORT WORTH, INC

### CERTIFICATE OF SERVICE

On this 29th day of December, 2020, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court.

>>s/Christian P. Shippee
>>Christian P. Shippee

<u>CERTIFICATE OF CONFERENCE</u>

I, the undersigned attorney, hereby certify to the Court that I conferred with the pro se Plaintiff in an effort to resolve the issues contained in this Motion and Plaintiff advised that he is unopposed to the motion.

Certified to this 28th day of December 2018, by

<u>s/Christian P. Shippee</u>
Christian P. Shippee