# UNITED STATES DISTRICT COURT

for the

NORTHEN DISTRICT OF TEX

FORT WORTH Division

4-20 CV - 12 5 8 P

| | | |
|---|---|---|
| FIROOZ DELJAVAN | ) | Case No. |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| GOODWILL INDUSTRIES OF FORT | ) | |
| Ms. ELIZABETH BUTLERS | ) | |
| Ms. ROSEMARY CRUZ | ) | |
| Mr. TERRY WILLET | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Firooz Deljavan |
| Street Address | 7717 Val Verde DRIVE |
| City and County | FORT WORTH , Tarrant County |
| State and Zip Code | TEXAS 76133 |
| Telephone Number | 682 847 5664 |
| E-mail Address | Firoozdeljavan@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

    Name                                GOODWILL INDUSTRIES OF FORT WORTH

    Job or Title *(if known)*

    Street Address                     4005 Campus Drive

    City and County                  Fort Worth , Tarrant

    State and Zip Code          Texas 76119

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                                  MS.ELIZABETH BUTLER

    Job or Title *(if known)*     Vice President of Human Resources

    Street Address                     4005 Campus Drive

    City and County                  Fort Worth , Tarrant

    State and Zip Code          Texas 76119

    Telephone Number           (817) 332-7866

    E-mail Address *(if known)*

Defendant No. 3

    Name                                  MS. ROSEMARY CRUZ

    Job or Title *(if known)*     Donated good/Retail

    Street Address                     4005 Campus Drive

    City and County                  Fort Worth , Tarrant

    State and Zip Code          Texas 76119

    Telephone Number           (817) 332-7866

    E-mail Address *(if known)*

Defendant No. 4

    Name                                    MR. TERRY WILLET

    Job or Title *(if known)*     Retail Director

    Street Address                     4005 Campus Drive

    City and County                  Fort Worth , Tarrant

    State and Zip Code          Texas 76119

    Telephone Number           (817) 332-7866

    E-mail Address *(if known)*

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Goodwill Store Camp Bowie |
| Street Address | 6908 Camp Bowie Blvd |
| City and County | Fort Worth , Tarrant |
| State and Zip Code | Texas 76116 |
| Telephone Number | (817) 731-2929 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

Retaliation

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

January 29, 2020

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☑ age *(year of birth)*    1951    *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)* _____

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

"see attached  Statement of Claim"

---

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

6/02/2020

---

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*   08/26/2020   .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

"see attached statement of claim"

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          11/19/2020

Signature of Plaintiff

Printed Name of Plaintiff       Firooz Deljavan

### B.  For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Statements of claim

1) I submit Application for job at Goodwill Store at hulen street. on early 2018. My Old face appearance caused that store clerk ask question from me "can I lift 40 pounds" I did not received response from goodwill concerning my application.

2) I hired by Goodwill Human Resource employee at Goodwill Job fair and assigned to Camp Bowie Store. Old age Appearance and Disability and fit to job was not issue. Treated equally and they refereed me to Drug test and Physical Medical test.

3) started to work at camp bowie store on September 9, 2018 my hourly wage was 9.50. Goodwill terminate my employment based on sexual harassment on January 29, 2020. My hourly wage was 11.50. I never had given a verbal, written, or any other kind of warning during the entire time while I was employed at Goodwill. All my Job performance review support above statement. My duty as denotation attendance was unloading and loading donated items such as closing, household items heavy object such as furniture appliances, sporting equipment's to company trucks or doners and customers cars. I always received a great help on moving heavy object from My Manger Ms.Tina Burris and assistant managers and co-workers. Under Ms. Burris leadership Work

Statements of claim

environment was friendly and all employees were behaved toward each
other, donors and customer in professional manner. I was problem
solver for my coworkers on any issue they were facing in real life and
always tried to provide the best opinion and direct them to government
agency for assistant in their issues

4) on early month of October 2018 Mr. Willet came to donation center.
He was surprised to see me at Donation center (Old face Appearance and
perception of not to fit to the task and legal liability in terms of injury) start
to test my knowledge about sorting. Next day he came and test my
physical ability in terms and bending and lifting and holding jewelry box
and pick up pencil from floor. It was not normal procedure that retail
director performs physical test hourly minimum wage employee.  It is
acceptable store manager perform physical test but not retail director. He
could send me again to goodwill doctor to perform physical regardless of I
had Physical test clearance from goodwill doctor

5) I was helping and counseling in professional manner toward Ms.
Justina Ramirez (co-worker) in her abused relationship with her
boyfriend.  Ms. Justina Ramirez always helped me in my job duty in
terms of moving heavy object.

Statements of claim

6) Due to her mental pressure and inability to solver her abuse relation and my excessive support to solve her issues caused her to express her rage toward me by saying to other employees that I offered her $1000.00 for sex. As I fully explained in my affidavit (exhibit 1).

7) Summary of Meetings

 A. Date: 01/17/2020

I Explained to my manger that a co-worker is telling other employees that I offered her money for sex. I asked her to transfer to Alta mesa store. This meeting was short because Friday was Goodwill sales day.

At 5:00PM Ms. Burris handed to me affidavit paper and asked me to fill it out B  I prepared affidavit and submitted to her on Saturday 01/18/2020

 B. First Meeting: date 1/22/2020

Mr Willet said he is investigating and taking note of the matter because I reported and submitted an affidavit.

By referring to the affidavit he asked me how I was trying to get help for her psychiatric treatment . I said by searching the internet and asking friends who have known people in similar situations. I told him I had also just come from the doctor and had inquired there as well. At this point

Page **3** of **19**

the conversation seemed to move more into why I was at the doctor and my disability, then why I was trying to help.

Key note of meeting Why I was helping her I said I do not want anyone to be abused. I said I do not want anything to happen to her regarding her job even though she has raised serious untrue accusations.

Ms. Burris asked me if I wanted to transfer to the Alta Mesa store. I said no. I can work with he her.

C. Second Meeting:

After I left meeting, they called me again and Mr. Willet said he is closing the case and Bury the Hatchet. I should not talk about this issue anymore. Based on his suggestion I believed we entered Oral Agreement. He suggested that by closing the case I have an obligation not to discuss the case with any co-worker. He created an enforceable agreement. I complied fully with these terms.

D. Third meeting Date 01/29/2020

He asked me to sign a document without reviewing what I am signing. I said I do not agree with this accusation of violation of company policy to what I am signing. Store manager Ms. Burris was in store but she did

not attend meeting. he terminated my employment orally without providing any written documents.

10) This investigation needed to conduct by neutral HR employee specialized in sexual harassment case goodwill has sections and position in HR Department. Termination needed to be based on paperwork. I was a complainer and accuser by notifying management and organization by giving oral argument and affidavit of fact and clearly stating to manager that there is false accusation toward me and requesting orally in person on her office on January 18,2020 please stop this false slander and transfer me to other location (Alta mesa).

11) Mr. Willet fired me because he found by reviewing my affidavit and conversation in a meeting on 1/22/2020 That I was seeking temporary medical treatment for a locking finger and assuming that I will be injured during my duty and it is possible that I might file a claim for workman compensation. Continuation of my employment might cause an increase in the workman compensation rate of goodwill. Based on his perception I am liability for goodwill and he has to protect goodwill because I am old and disabled and I have medical conditions which requires medical treatment and related to my job.

Statements of claim

12) Conformation Bias of retail Director toward me (I believe his confident co-workers reported my comment concerning unethical and illegal procedure which I made in employee's breakroom to him) and discovery of my medical treatment and disability after closing sexual harassment case on 1/22/2020 were motivated factor for his decision to breach our oral agreement and wrongfully terminate my employment.

Statements of claim

# Summary Of charges filed with EEOC

Discrimination and wrongful termination based on age, Disability, and retaliation as pretext of sexual harassment.

A. Based on direct (disparity impact)

Assigning Retail Director as investigator could be considered intentional discrimination based on disparate impact It is not reasonable that retail Directors engage in investigation of sexual harassments at lower level employees unless he has ultra-motive to disregards fact and termination is ultimate of accomplishment.

B. Indirect (disparity treatment)

Applied Legal test for age, disability and Retaliation

But for Causation for Age disability and retaliation

Past performance of physical test by retail Director toward me prove that I was treated differently.

C. Disparate treatment and disparate Impact:

Disparate treatment and disparate impact were prohibited under title VII. Title VII initially barred only disparate treatment, which encompasses only such intentional discrimination and, under some interpretations, also unconscious bias. But under Title VII, Congress expanded the reach of anti-discrimination litigation: Employers may be held accountable not only for disparate treatment, but also for disparate impact, which refers to discriminatory effects arising out of workplace policies or procedures, even when an intent to discriminate cannot be proven.

Statements of claim

# I.    AGE

II.       !. Under the term of Prima facie

In US law, a pretext usually describes false reasons that hide the true intentions or motivations for a legal action. If a party can establish a prima facie case for the proffered evidence, the opposing party must prove that these reasons were "pretextual" or false

I am 69 years old and disabled

I am qualified to perform donation attendance task all goodwill job performance review supports my qualification

Good will terminated my employment in pretextual sexual harassment

My position temporary filed with cashiers younger than me who were not disable and her hourly wage is less than my wage

2.    But For causation

If alleged misconduct was investigated by HR or neutral person the adverse action would not happen because age was not issue, I hired by HR employee and I my application for employment rejected by store manager (under retail director) for old face appearance.

Due bias and improper investigation by retail director my employment were terminated but age was for pretext of termination.

Statements of claim

# II. Disability Claim

" 42 U.S.C. § 12112(a). To recover on a claim of discrimination under the Act

1) I am an individual with a disability;

2) I am qualified to perform the job requirements, with or without reasonable accommodation; and

3) I was discharged solely by discovering medical treatment and disability as pretext of sexual misconduct.

[4] Goodwill receiving Federal financial assistance.

My medical treatment was not part of investigation if investigation was handled anyone except retail director. Discovery of medical treatment after conclusion of investigation and closing case on 01/22/2020 was motivated factor for employment termination.

Retail director acted on pretext termination based on alleged sexual misconducts but disability and medical treatment was for adverse action.

Statements of claim

# III. Retaliation

I believe the following comments were motivating factors for Mr. willet to change his decision on January 29 to terminate my employment:

A) Comment on Integrity Goodwill (unethical practice)

In the early year of 2019 year and in the morning around 9:00 one elderly Lady donated several male suits. One of the employees found $4700 in one of the suit pockets and returned it to store manager. Store manager called Mr. Willet. He came and prepared paperwork for founded money instead of looking at video recording to find donor name and address via car license plate to return the money to donor.

I asked the assistant manager why they did not look at the camera to find the license plate of the donor car so she can come and get her money. This is an unethical act. She said they hold it for 15 days if nobody shows up, it goes to the general fund. I made a lot of comments about this incident in the employee room and always questioned the integrity of goodwill directors to justify taking $4700.00 and cheating elderly widows. They publicize the snake inside donated luggage on tv, but they do not want to look at the camera and find the donor's name and address via license plate and inform the donor and return her

money. It was clear that she did not know her husband left money on his coat.

B) Comment on stay at property without pay till Night shift manger close books.

I made several comments about this action "It is against labor laws, employees should leave premises after a clocked out shift" We were made to stay until the night manager closed the books without pay. "Under Texas and federal law, an employer must pay hourly employees for time spent under the employer's control. Here, the employer forced employees to stay at work. If the employee is not free from the employer's control, the employee must receive at least minimum wage for that time."

C)Workman Compensations

Mr. Johnson, my coworker, fell on the floor in front of the store manager. Mr. Willett did not want Goodwill workman compensation rates to increase. Therefore, Blocked him from filing workman compensation. Mr. willet Knew that I was involved in helping and advising Mr. Johnson for the following reason:

Statements of claim

.I assume that Mr. Johnson told Mr. Willet that I provided articles about Workman compensation to him.

During employee meetings January 2019 he announced that Goodwill does not have any workman compensation claims for the last 4 years.

I made several comments in the employee's break room "Goodwill is Worry about the workman compensation rate more than the wellbeing of their employees."

Under both Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA), it is illegal to retaliate against employees because of participation as a witness in another person's employment discrimination.

I believe my civil Right were violated based on title VII and ADEA for retaliation

Based on following facts:

Because Mr. willet knew that I was helping Mr. Johnson by providing written material concerning his injury and process of claiming workman compensation paperwork and advising him not to accept transfer to the logo department Therefore he found an opportunity to terminate my employment based on Sexual Misconduct.

Page **12** of **19**

Statements of claim

Claims Under the Age Discrimination in Employment Act 8.1.5

Retaliation

(EEO) laws prohibits retaliation and related conduct: Title VII of the Civil

Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act

(ADEA), Title V of the Americans with Disabilities Act (ADA)

I am in protected activity.

I have complained about discrimination that affects other people

my Last comments concerning illegal act and unethical act by goodwill

have direct and causation effect for adverse act taken by retail director

toward me.

There is a causal link between my protected activity (violation of

workman compensation and labor law) and the employer's action

Retaliation would not happen if neutral person investigating case and it

could not have any bias toward me but retail director conformation bias

toward me and prior knowledge about involvement on workman

compensation of Mr. Johnson caused his action as pretext termination

but retaliation was for adverse action.

D).If Goodwill had proper investigation by assigning HR employee or

Neutral person this wrongful termination would likely not have occurred.

Statements of claim

Above statements prove by a preponderance of the evidence (direct and circumstantial) that age, disability, retaliation was the "but for" cause of the employer's adverse action.

Under the term of Res ipsa loquitur

Assumption of fact without direct evidence. Goodwill industry of Fort Worth based on published report Has about 6513 employees and revenue of $46,360,749 also receive federal funds and HR department has Sexual harassment section. why retail director act as investigator.

Statements of claim

# Damages and Relief

1)By consideration of the fact Goodwill had legal right to terminated my

employment without given any reason and cover up their motive and on

that case, I did not have any right to complain. Unfortunately, goodwill

decided to use pretext of sexual misconduct as cause of termination

which trigger violation of my civil right based on age and disability and

retaliation.


2)Goodwill Industries of Fort Worth is non-profit organization. Goodwill

mission is "Our Mission Goodwill® works to enhance the dignity and

quality of life of individuals and families by strengthening communities,

eliminating barriers to opportunity, and helping people in need reach

their full potential through learning and the power of workable manner."

Goodwill by delegating authority to high paid executive (defendants)

failed To protect venerable employees like me and my accuser from

their personal agenda such as blocking of employee from filing workman

compensation and staying at goodwill store without pays. goodwill Failed to

enforce sexual harassment investigation procedure in equitable manner.

Goodwill is liable for defendants action concerning violation of my civil

rights.

Page **15** of **19**

Statements of claim

3)Ms. Butler Vice President of human resources failed to assign neutral investigator to conduct investigation based on Goodwill human resources policy and procedures. She is highly compensated executive employee at goodwill nonprofit 501 c(3) organization therefore  based on Economic realty test she is personally liable for violation of my civil rights.

4)Ms. Cruz Vice President of donated Goods refused to accept my voluntary resignations which caused personal injury in term of mental anguish and future employment barrier. She intentionally and knowingly disregards facts that I was initiated complain and I was given affidavit of facts about my co-worker slander and accusations.

By not accepting my voluntary resignation and Termination of employment based on sexual misconduct her action created long term, financial, emotional, and physical and direct effect and obstacle on my future employment.   She is high paid executive in Goodwill therefore based on Economic realty test she is personally liable for violation of my civil rights.

5)Mr. Willet Director of Retail Trade made judgement error and disregard facts and abused his authority by letting his conformation bias toward me was motivated factor effect his adverse decision and breached our oral agreement. Mr. Wille said he is going to help Ms. Ramirez to get psychological help but he failed to provide help to her in terms of psychological counselling. As result she was terminated from goodwill as pretext of falsifying job injury report and traveling to Oklahoma City and visiting biker club after accident. He is high paid Director and Based on Economic realty test he is personally liable for violation of my civil rights.

6) I am alleging that the Human Resources department, participated in the improper investigation of sexual misconduct policy and procedure and violated its own workplace rules.

7) I am alleging that Goodwill industries of Fort Worth, and high paid executives Ms. Butler, Ms. Cruz and Mr. Willet jointly and severally liable for violation my civil right.

1) Plaintiff sustained the following damages because of the actions and or omissions of Defendants.

a. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

Statements of claim

b. All reasonable and necessary costs incurred in pursuit of this suit;

c. Emotional pain;

d. Expert fees as the Court deems appropriate;

e. inconvenience;

f. loss of enjoyment of life;

g Mental anguish in the past

h. Mental anguish in the future;

I. Loss of earning in the past

K. Loss of benefit

EXEMPLARY DAMAGES

2). Plaintiff would further show that the acts and omissions of

Defendants complained of herein were committed with malice or

reckless indifference to the protected rights of the Plaintiff. In order to

punish said Defendants for engaging in unlawful business practices and

to deter such actions and/or omissions in the future Plaintiff also seeks

recovery from defendants for exemplary damages,

SPECIFTC RELIEF

3). Plaintiff seeks the following specific relief

a. Rehire Plaintiff;

b. Reinstate all benefits to which Plaintiff was entitled

Statements of claim

.

PRAYER

WHEREFORE, PREMISES Considered Plaintiff Firooz Deljavan,

respectfully prays that the Defendants be cited to appear and answer

herein, and that upon a Final hearing of the cause, judgment be entered

for the Plaintiff against Defendant for damages in an amount within the

jurisdictional limits of the Court; exemplary damages, together with

interest as allowed by law; costs of court, and such other and further

relief to which the Plaintiff may be entitled at law or in equity

Respectfully

Firooz Deljavan

# Attachment

# 1

Attachment  1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **FIROOZ DELJAVAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:20-cv-01258-** |
| **GOODWILL INDUSTRIES OF** | § | **P-BP** |
| **FORT WORTH , Elizabeth Butler,** | § | |
| **Rosemary Cruz, and Terry Willet** | § | |
| | § | |
| **Defendants.** | | |

TO THE HONORABLE JUDGE OF SAID COURT:

Firooz Deljavan ("Plaintiff or Deljavan"), Plaintiff Pro se  files this First Amended Complaint against  GOODWILL INDUSTRIES OF FORT WORTH , Elizabeth Butler, Rosemary Cruz, and Terry Willet or "Defendants") and would show the following:

PARTIES, JURISDICTION AND VENUE


JURISDICTION

.This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C.§ 1331 and §1343 and 29 U.S.C. § 621 et seq., in order to protect rights guaranteed by the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and Tex. Labor Code§21.001 et. seq., The Texas Commission on Human Rights Act, and Title VII of the Civil RightsAct of 1964, as amended, 42 U.S.C. § 2000e, et seq. in order to protect rights against disability discrimination and retaliation.

 This Court also has Jurisdiction to hear the merit of plaintiff claim underViolation of title II, § 209, 63 Stat. 392 codified in 40 U.S. Code § 123. Civil remedies for fraud .

2

(1) VENUE

(2) Venue exists in this district and division under 28 U.S.C. § 1391.

(3) Venue exists in this district and division under 40 U.S. Code § 123.

(4) Defendants resides in the State of Texas and within the Northern District of Texas
    Twithin the meaning of 28 U.S.C. § 1391 (b)(1), (c)(2) and (d).

I. PARTIES,

(5) 1.Plaintiff firooz deljavan born in January 19, 1951, is a 70 year-old male Fort Worth
    Residence.

(6) Good Will Industries of Fort Worth  Texas Non Profit 501(c3) charitable organizations
    Corporate Address 4005 Campus Dr, Fort Worth, TX 76119 Registered Agent David Cox

(7) **2)Elizabeth Butler**, Vice President, Human Resources of Goodwill industries of Fort
    Worth.Fort Worth Residence.

(8) **3)Rosemary Cruz**, Vice President, Donated Goods/Retails of good will industries of Fort
    Worth. Fort Worth Residence.

(9) **4) Terry willet.** Central Retail Director: good will industries of Fort Worth. Fort Worth
    Residence.

# Factual Background

(10)      Plaintiff is 70 years old and have substantial Physical disablity

          Knowon to defendants via Medical report by defendant physician,

3

compliance of disability by store manger and by reporting his disability as individual who is beneficiary of goodwill mission in order to obtain and secure grants from different government entities and private trust fund .

(11)     I submit Application for job at Goodwill Store at hulen street. on early 2018. My Old face appearance caused that store clerk ask question from me "can I lift 40 pounds" I did not received response from goodwill concerning my application.

(12)     I hired by Goodwill Human Resource employee at Goodwill Job fair and assigned to Camp Bowie Store.   Old age Appearance and Disability and fit to job was not issue. Treated equally and they refereed me to Drug test and Physical Medical test.

(13)     started to work at camp bowie store on September 9, 2018 my hourly wage was 9.50. Goodwill terminate my employment based on sexual harassment on January 29, 2020. My hourly wage was 11.50.

(14)      I never had given a verbal, written, or any other kind of warning during the entire time while I was employed at Goodwill. All my Job performance review support above statement.

(15)      My duty as denotation attendance  was unloading and loading donated items such as closing, household items heavy object such as

4

furniture appliances, sporting equipment's to company trucks or donors and customers cars.

(16)      I always received a great help on moving heavy object from My Manger Ms. Tina Burris and assistant managers and co-workers. Under Ms. Burris leadership Work environment was friendly and all employees were behaved toward each other, donors and customer in professional manner.

(17)      I disclosed my disability to Ms. Burris and she accommodate my task.

(18)      She did not disclosed my disability to other employee because of ADA Policy and procedure.

(19)      Because of my physical impairment in my left arm she exempt me from warping hanger , and warping close bin and moving Book Bin.

(20)      In one incident moving steel cabinet to customer she asked me that she wants to carry dolly I need just hold it. I said no I can use my right hand.


(21)      in second incident I was moving heavy ottoman she came immediately to help me in carrying that item the customer told her that she needs to tell manger to "goodwill needs to hir young roster" she replied to him that she is the manager.

(22)      For extra work duchy concerning moving heavy furniture she also respect other employee right so she always ask as volunteer incited of

5

assignment. "I need volunteer to move items to sales floor".Majority of my co-worker in conversation refereed me as ("Mr. Firooz").

(1) I was problem solver for my coworkers on any issue they were facing in real life and always tried to provide the best opinion and direct them to government agency for assistant in their issues.

(23)    On early month of October 2018 Mr. Willet came to donation center. He was surprised to see me at Donation center (Old face Appearance and perception of not to fit to the task and legal liability in terms of injury) start to test my knowledge about sorting. start to test my knowledge about sorting.

(24)    Next day he came and test my physical ability in terms and bending and lifting and holding jewelry box and pick up pencil from floor. It was not normal procedure that retail director performs physical test hourly minimum wage employee.  It is acceptable store manager perform physical test but not retail director. He could send me again to goodwill doctor to perform physical regardless of I had Physical test clearance from goodwill doctor.

(25)    Goodwill Doctor report concerning my Disability metal implant in the left arm, Metal implant in write wrist, Open hurt surgery scare in my chest, chronically diabetic , I assume goodwill physical test report by doctor kept

6

in Confidential drawer by HR department as protected disable  employee.

support plaintiff claim that goodwill had knowledge of disability of Plaintiff.

(26)      Between October 10, 2018 and October 15, 2018 about 7.00 PM. My

feet tangled  to  fasner of cloth bin and injured my right side, I didn't report

injury because I afraid of being fired by Mr. willet . Justina and john told me

that do not file complain nor small injury report Goodwill does not tolerate

complain or injury they fire employee immediately. Attached Photo and

Goodwill recorded security camera  support this incident.

(27)      My co-worker  Justina Rameirez  she is 46 years old.

(28)       She was key holder she couldn't her duchy as key holder so goodwill

demoted her and transfer to donation section.  Donation is lowest level task

in goodwill .  Donation attendance does not need any qualification in terms

of education .  She was not mentally stable due to lack of attention (not

abuse) by her previous boyfriend and roommate also she was abused in first

marriage . She had several argue with his ex-boyfriend in front of donation

center.

(29)       she was terminated from goodwill for falsifying injury report and

visiting biker club in Oklahoma city on the day of injury.  She filed

unemployment and revived 45 days . Texas workforce canceled her benefit

7

based on good will statement that she was terminated based on company violation.

(30)     I was family friend and I socialized with her family in order to help her and emotional support for good cause.  She is good and kind person and she helped and support in terms of moving heavy object.  I knew her 2 ex-boy friend between October 2018 and January 2019.  I never met her new boyfriend. Because she told me that he has hepatitis A and he was in correctional facility for almost 25 years and his last criminal charge was attempt murder.

(31)     I was helping and counseling in professional manner toward Ms. Justina Ramirez (co-worker) in her abused relationship with her boyfriend. Ms. Justina Ramirez always helped me in my job duty in terms of moving heavy object. Exhibit C shows my text messages support my involvement with her.

(32)     Due to her mental pressure and inability to solver her abuse relation and my excessive support to solve her issues caused her to express her rage toward me by saying to other employees that I offered her $1000.00 for sex. As I fully explained in my affidavit (exhibit 1).

(33)     Date: 01/17/2020  I Explained to my manger that a co-worker is telling other employees that I offered her money for sex. I asked her to

8

transfer to Alta mesa store. In order to help her I did not have intention to complain.This meeting was short because Friday was Goodwill sales day.

(34)     At 5:00PM Ms. Burris handed to me affidavit paper and asked me to fill it out B   I prepared affidavit and submitted to her on Saturday 01/18/2020


(35)      First Meeting Date 1/22/2020 Mr Willet said he is investigating and taking note of the matter because I reported and submitted an affidavit. By referring to the affidavit he asked me how I was trying to get help for her psychiatric treatment . I said by searching the internet and asking friends who have known people in similar situations. I told him I had also just come from the doctor and had inquired there as well. At this point the conversation seemed to move more into why I was at the doctor and my disability, then why I was trying to help.

(36)     Key note of meeting Why I was helping her I said I do not want anyone to be abused. I said I do not want anything to happen to her regarding her job even though she has raised serious untrue accusations.

(37)     Ms. Burris asked me if I wanted to transfer to the Alta Mesa store. I said no. I can work with he her.

9

(38)     Second Meeting date 1/22/2020 After I left meeting, they called me again and Mr. Willet said he is closing the case and Bury the Hatchet. I should not talk about this issue anymore. Based on his suggestion I believed we entered Oral Agreement. He suggested that by closing the case  I have an obligation not to discuss the case with any co-worker. He created an enforceable agreement. I complied fully with these terms.

(39)      Third meeting Date 01/29/2020 He asked me to sign a document without reviewing what I am signing. I said I do not agree with this accusation of violation of company policy to what I am signing. Store manager Ms. Burris was in store but she did not attend meeting. he terminated my employment orally without providing any written documents.


(40)     Mr. Willet fired me because he found by reviewing my affidavit and conversation in a meeting on 1/22/2020 That I was seeking temporary medical treatment for a locking finger and assuming that I will be injured during my duty and it is possible that I might file a claim for workman compensation. Continuation of my employment might cause an increase in the workman compensation rate of goodwill.  Based on his perception I am liability for goodwill and he has to protect goodwill

**(41)**      this investigation needed to conduct by neutral HR employee specialized in sexual harassment case goodwill has sections and position in HR Department. Termination needed to be based on paperwork.

I was notifying management and organization by giving oral argument and affidavit of fact and clearly stating to manager that there is false accusation toward me and requesting orally in person on her office on January 18,2020 please stop this false slander and transfer me to other location (Alta mesa).

I. AGE

Under the term of Prima facie

(42)             In US law, a pretext usually describes false reasons that hide the true intentions or motivations for a legal action. If a party can establish a prima facie case for the proffered evidence, the opposing party must prove that these reasons were "pretextual" or false

(43)      I am 70 years old and disabled

(44)      I am qualified to perform donation attendance task all goodwill job performance review supports my qualification

(45)      Good will terminated my employment in pretextual sexual harassment

(46)      My position temporary filed with cashiers younger than me who were not disable and her hourly wage is less than my wage

## A. But For causation

(47)     If alleged misconduct was investigated by HR or neutral person the adverse action would not happen because age was not issue, I hired by HR employee and I my application for employment rejected by store manager (under retail director) for old face appearance.

(48)     Due bias and improper investigation by retail director my employment were terminated but age and disability was for pretext of termination.

## B. Disparate Treatment

Plaintiff claims that He was treated differently from others:

Tanner is 24 years old

Plaintiff is 63 years old.

Tanner has impairment disability in his leg.

Plaintiff has impairment disability in his left arm.

Tanner was a client of Department of  Assistive And Rehabilitative services (DARS) Refereed to goodwill by DARS.

Plaintiff was a client of DARS. Hired by Goodwill HR department.

The only difference in the two people listed above is age.

I plaintiff alleged that Goodwill received around 6000.00 From DARS for providing employment service and hiring of Tanner

Goodwill did not received money from DARS for providing employment services for hiring the plaintiff as they went around DARS and HR hired the plaintiff directly.

Tanner had several disciplinary reports (sleeping on the job, staying in bathroom for long time)

Tanner was promoted to the pricing area and he gained full time employment and got a raise.

12

Plaintiff was offered by manager to become cashier. The plaintiff refused because cashier positions and wage is less than donation attendant wage, it was the equivalent of a demotion.

Based on above criteria, plaintiffs show that similarly situated plaintiffs were treated differently by the same supervisor.

Both people are subject to the the same employment policies or rules

Both perform very similar job tasks and responsibilities (both the number and weight) as you

Both have similar job performance evaluations and disciplinary history; and

Both have approximately the same experience level.

Only one was promoted

Only one was offered a demotion

It is once again noted that the only difference in the employees is their age.

(49)      In addition to the above listed complaints, the plaintiff was also forced to work for free. The store closed and the plaintiff was off the clock, but not allowed to leave. Therefore, forced to work for free. This occurred in the examples that follow:

(50)      Based on above criteria plaintiff show that similarly situated plaintiff treated differently. Plaintiff shows that in terms of violation of FLSA rules he also treated differently:

(51)      A. Plaintiff and other employee Kat ( she is 62 years old Female) were only deprived from unpaid wage and overtime. Due to being off the clock and not being

13

allowed to leave because other people were not done with their work for the day. Sometimes up to an hour.

B. Other cashiers were performing their unfinished duties and the other employees were forced to wait off the clock and not allowed to leave.

C. There is no discrepancy in wage for working at night or daytime.

D. I was not subject to giving my wage free to goodwill if I was working day shift, as I could come and go without having to wait for others to finish what they were doing, thus keeping me from working for free.

(52)     The 11th Circuit rejected the idea that the similarly situated employee (also called a comparator) must be "nearly identical" and instead held that a comparator must be "similarly situated in all material respects."

(53)     The Seventh Circuit wrote that, to be similarly situated, employees must be directly comparable in all material respects, but they don't have to be clones of the plaintiff.

Defendant believes that all rulings from circuit court have merit to his complaint.

14

II. Disability Claim

Under the term of Prima facie

1) I am an individual with a disability;

A) Goodwill got a copy of my physical as a qualification by a Goodwill doctor, this report supports my disability claim.

B) I was a client of the Department of Assistive Rehabilitation in 1993 and 2009.

C) Per their policies and based on the ADA; Goodwill must accommodate the nature of my disability by assigning light duty (exempt from Wrapping bins, hangers, and moving book bins)

(54)      I am qualified to perform the job requirements, with or without reasonable accommodation; and

(55)      I was discharged solely by the discovering of my disability in personal file (according ADA employer keeps disability record in separate folder) by Mr. Willet, this was a motivating factor for pretext of sexual misconduct. Mr. Willet questioned me about my disability after he discovered it.

Goodwill receiving Federal financial assistance.

Goodwill received federal grants, state, city, and trust as reported in the 2018 990 tax report received Seventy three million and one hundred ninety two thousand and fifty eight dollars ($**73,192,058.00**) .

(56)      B) Goodwill reports my wages to the workforce commission under division of North Texas Institute for Career Development (NTI) to workforce commission.

 NTI offers a range of plans to assist students in financing their career training. NTI also has scholarship opportunities for qualified individuals. NTI programs are approved by the Texas Workforce Commission Vocational Rehabilitation Services and Texas Workforce Commission's Workforce Investment Act (WIA) and

15

Workforce Investment Opportunity Act (WIOA), as well as CAPWORKS (Community Action Partners: City of Fort Worth).

(57)      Plaintiff re-alleges  and incorporates the allegations stated in paragraph 46 and 51 as if fully stated herein.

(58)      Plantiff alleged that pargraph  56 can be interpret as Fraudulent Concealment  as

Violation of title II, § 209, 63 Stat. 392 codified in 40 U.S. Code § 123. Civil remedies for fraud .

a) In General.—In connection with the procurement, transfer or disposition of property under

this subtitle, a person that uses or causes to be used, or enters into an agreement, combination, or

conspiracy to use or cause to be used, a fraudulent trick, scheme, or device for the purpose of

obtaining or aiding to obtain, for any person, money, property, or other benefit from the Federal

Government

(b) Additional Remedies and Criminal Penalties.— The civil remedies provided in this section

are in addition to all other civil remedies and criminal penalties provided by law.


# III. Retaliation

(59)      I believe the following comments were motivating factors for Mr.

willet to change his decision on January 29 to terminate my employment:

Comment on Integrity Goodwill (unethical practice)

(60)      In the early year of 2019 year and in the morning around 9:00 one

elderly Lady donated several male suits.  One of the employees found $4700 in

one of the suit pockets and returned it to store manager. Store manager called

16

Mr. Willet. He came and prepared paperwork for founded money instead of looking at video recording to find donor name and address via car license plate to return the money to donor.

(61)     I asked the assistant manager why they did not look at the camera to find the license plate of the donor car so she can come and get her money.  This is an unethical act. She said they hold it for 15 days if nobody shows up, it goes to the general fund. I made a lot of comments about this incident in the employee room and always questioned the integrity of goodwill directors to justify taking $4700.00 and cheating elderly widows.  They publicize the snake inside donated luggage on tv, but they do not want to look at the camera and find the donor's name and address via license plate and inform the donor and return her money. It was clear that she did not know her husband left money on his coat.


(62)      Comment on stay at property without pay till Night shift manger close books. I made several comments about this action "It is against labor laws, employees should leave premises after a clocked out shift" We were made to stay until the night manager closed the books without pay.

"Under Texas and federal law, an employer must pay hourly employees for time spent under the employer's control. Here, the employer forced employees to

stay at work. If the employee is not free from the employer's control, the employee must receive at least minimum wage for that time."

(63)         new court ruling illustrates, an owner or executive can be held individually responsible for unpaid overtime pay under the federal Fair Labor Standards Act (FLSA).

(64)             C)Workman Compensations

Mr. Johnson, my coworker, fell on the floor in front of the store manager.  Mr. Willett did not want Goodwill workman compensation rates to increase. Therefore, Blocked him from filing workman compensation.

Mr. willet Knew that I was involved in helping and advising Mr. Johnson for the following reason:

(65)         .I assume that Mr. Johnson told Mr. Willet that I provided articles about Workman compensation to him.

(66)         During employee meetings January 2019 he announced that Goodwill does not have any workman compensation claims for the last 4 years.

(67)         I made several comments in the employee's break room "Goodwill is Worry about the workman compensation rate more than the well being of their employees."

(68)         Because of hostile workplace created by defendants due because of intimidation and mistreatment in physical test and fear of retribution  I didn't

18

report my injury to my manger. because i just started to work plus I got help and support to perform my duty  from john and justina .

### Comment on Change for Change Program

(69)     Goodwill has change for change program that force cashier to ask buyers to give their change to goodwill. If the cashiers did not reach 50% collection process they will get write up by manager. One of cashier was upset about this procedure because she felt that she is deceiving customer goodwill does not allocate this money for disabled. I mentioned to her that this program is unethical but it is legal you have to follow your manager direction.

(70)      Under both Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA), it is illegal to retaliate against employees because of participation as a witness in another person's employment discrimination.

(71)     I believe my civil Right were violated based on title VII and ADEA for retaliation

Based on following facts:

 Because Mr. willet knew that I was helping Mr. Johnson by providing written material concerning his injury and process of claiming workman compensation paperwork and advising him not to accept transfer to the logo department

19

Therefore he found an opportunity to terminate my employment based on

Sexual Misconduct.


(72)      Claims Under the Age Discrimination in Employment Act 8.1.5

Retaliation

(73)      (EEO) laws prohibits retaliation and related conduct: Title VII of the

Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act

(ADEA), Title V of the Americans with Disabilities Act (ADA)

 I am in protected activity.

 I have complained about discrimination that affects other people

(74)      my Last comments concerning illegal act and unethical act by

goodwill have direct and causation effect for adverse act taken by retail director

toward me.

(75)      There is a causal link between my protected activity (violation of

workman compensation and labor law) and the employer's action

(76)      Retaliation would not happen if neutral person investigating case and

it could not have any bias toward me but retail director conformation bias

toward me and prior knowledge about involvement on workman compensation

of Mr. Johnson caused his action as pretext termination but retaliation was for

adverse action.

20

(77)     If Goodwill had proper investigation by assigning HR employee or Neutral person this wrongful termination would likely not have occurred.

(78)     Above statements prove by a preponderance of the evidence (direct and circumstantial) that age, disability, retaliation was the "but for" cause of the employer's adverse action.

(79)

(79) Fraudulent Concealment

1) concealed or suppressed a material fact;  I was qualified to for training by NTI

(2)  Defendant had knowledge of this material fact;That I was disabled  and was receiving food stamp.

(80) that this material fact was not within reasonably diligent attention, observation, and judgment of the plaintiff;

(81)   Goodwill did not go through DARS to hire the plaintiff, instead, HR hired him directly so that they could use his wages toward the application of a grant.

The NTI Grant from DOL was obtained by reporting the plaintiffs wages and by exploiting his disability.

(82) that the defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the employment.

(1) that the plaintiff was reasonably so misled;

(2) that the plaintiff suffered damage as a result of improving his quality of life professionally and economically.

21

(83)    1)By consideration of the fact Goodwill had legal right to terminate my

employment without giving any reason and cover up their motive and in that case, I did not

have any right to complain. Unfortunately, goodwill decided to use pretext of sexual

misconduct as cause of termination which was not the true reason for the termination. The

real reason was a violation of my civil right based on age and disability and retaliation and

in order to conceal their fraudulent act of reporting to government agency IRS and

workforce commission.

Goodwill Industries of Fort Worth

(84)    A)Goodwill Industries of Fort Worth is a non-profit organization. State of Texas

recognizes Goodwill as a charitable Organization. Because of the status of 501(c3) IRS

treats the organization in terms of Freedom Information Act as private company . 501(c3)

organizations are obligated to disclose only summary financial records not detail of

transactions to public ,also in Texas 501 (C3) organizations have limitted Amiunity

protection under charitable status.

   Sec. 84.005.  EMPLOYEE LIABILITY.  Except as provided in Section 84.007 of this
   Act, in any civil action brought against an employee of a nonhospital charitable
   organization for damages based on an act or omission by the person in the course and
   scope of the person's employment, the liability of the employee is limited to money
   damages in a maximum amount of $500,000 for each person and $1,000,000 for each
   single occurrence of bodily injury or death and $100,000 for each single occurrence for
   injury to or destruction of property.
   Added by Acts 1987, 70th Leg., ch. 370, Sec. 1, eff. Sept. 1, 1987.


   Sec. 84.006.  ORGANIZATION LIABILITY.  Except as provided in Section 84.007 of
   this Act, in any civil action brought against a nonhospital charitable organization for
   damages based on an act or omission by the organization or its employees or volunteers,
   the liability of the organization is limited to money damages in a maximum amount of

22

$500,000 for each person and $1,000,000 for each single occurrence of bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

Added by Acts 1987, 70th Leg., ch. 370, Sec. 1, eff. Sept. 1, 1987.

(85)   under the federal Fair Labor Standards Act (FLSA).
Goodwill or executives can be held individually responsible for unpaid overtime pay and wages, and violation of Job Training program Act.  Precipitants Funds From department of labor Obligated to compliance disability act and employment policy and procedure of DOL.

(86)     Goodwill mission is "Our Mission Goodwill® works to enhance the dignity and quality of life of individuals and families by strengthening communities, eliminating barriers to opportunity, and helping people in need reach their full potential through learning and the power of workable manner."

(87)  Goodwill by delegating authority to high paid executives (defendants) failed To protect vulnerable employees and took advantage of their age and disability for supporting their own benefit via high and extra ordinary wage compensation. They pushed  personal agendas; such as blocking employees from filing workman compensation, and staying at goodwill stores without pay. In addition to forcing employees to ask customers to give donations for change and classifying store employees as trainees in order to obtain grants from different government entities and trust funds.

(88)  Goodwill Failed to enforce sexual harassment investigation procedure in equitable manner. Goodwill is liable for defendants action concerning violation of my civil rights. Hiding under Charitable immunity or status of non-profit should not be utilized for personal benefit. By comparing goodwill of Dallas industries of

23

Dallas high compensation wages to executive support misuse of funds and

fraudulent reporting wages in order to obtain federal grants. CEO Mr. Cox in

2018 made $510,157 from goodwill industries of fort worth foundation and

$510,157 from goodwill industries of fort worth. Goodwill industries of Dallas

CEO salary in 2018 is $487,175 see appendix a1

(89)     Ms. Butler Vice President of human resources failed to assign a neutral investigator

to conduct an investigation based on Goodwill human resources policy and procedures.

She is a highly compensated executive employee at goodwill nonprofit 501 c(3)

organization therefore based on the Economic reality test she is personally liable for

violation of my civil rights. She failed to establish a simple termination policy.

What  kind of survey supports **$233299** wage compensations as recorded in 2018 990 tax

return.

(90)        Based on economic reality test She is 1. Have the power to hire and fire
employees?2. Supervise and control employees' work schedules?3. Determine the rate
and method of compensation?4. Maintain employment records?She is personal  liable for
damages. based on an act or omission by the person in the course and scope of the
person's employment, .

(91)     )Ms. Cruz, Vice President of donated Goods refused to accept my voluntary

resignation, which caused personal injury in terms of mental anguish and future

employment barrier. She intentionally and knowingly disregards facts that I initiated a

complaint and I was giving an affidavit of facts about my coworkers slander and

accusations.

(92)        Based on Economic reality test "Worked from the corporate office nearly every
day; Developed merchandising ideas; Visited stores and suggested to managers how they

24

could improve merchandising; and Personally promoted employees. " She is personally liable for damages.

(93)    By not accepting my voluntary resignation and instead fabricating a termination of

employment based on sexual misconduct. Her action created long term, financial,

emotional, physical, and direct effects on my person. It also created obstacles on my future

employment. She is a high paid executive in Goodwill therefore based on the Economic

reality test she is personally liable for violation of my civil rights. She can not shield her

action by protection from charitable status. **How can a charitable organization justify a**

**salary of  ($183,391.00 ) for an executive Who does not hold an academic degree?**

(94)    Mr. Willet, Director of Retail Trade, made judgment error and disregard facts, and

abused his authority by letting his confirmation bias toward me be known. That was a

motivating factor in his adverse decision to breach our oral agreement.

(95)    Mr. Willet said he was going to help Ms. Ramirez get psychological help but he

failed to provide help to her in terms of psychological counseling. As a result she was

terminated from goodwill as a pretext of falsifying a job injury report and traveling to

Oklahoma City and visiting a biker club after an accident. She needed help now she can

not get unemployment benefits either. Mr. willet eliminated all donation attendance of

camp Bowie in pretext of Covid 19 protection and replace all employees by new young

employees .

(96)     He is a high paid Director and Based on Economic reality test he is personally

liable for violation of my civil rights.

(97)    Plaintiff re-alleges  and incorporates the allegations stated in paragraph 86 and 88 as

if fully stated herein.

(98)     I am alleging that the Human Resources department, participated in the improper

25

investigation of sexual misconduct policy and procedure and violated its own workplace

rules.

(99)    I am alleging that Goodwill industries of Fort Worth, and high paid executives Ms.

Butler, Ms. Cruz and Mr. Willet jointly and severally liable for violation of my civil rights.

(100)   None of the policies and procedures were properly followed on any of the

investigations and terminations. This is in addition to the violations of privacy based on

ADA, the discrimination, and the being forced to work for free, which are all also civil

rights violations.

(101)

CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (DISPARATE
TREATMENT) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL
DEFENDANTS AND DOES 1-100 INCLUSIVE**

A) Plaintiff incorporate by reference the allegations contained in section B

Paragraphs 47 through 51 of this Complaint as though fully set forth herein.

B) 182. 42 U.S.C. Section 1983 provides as follows: "Every person who,

under color of any statute, ordinance, regulation, custom, or usage of any State or

Territory, subjects or causes to be subjected, any citizen of the Unites States or

other person within the jurisdiction thereof, to the deprivation of any rights,

privileges or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for

redress."

26

C) The Plaintiff is bringing claims for employment discrimination

against the defendants. The Plaintiff claim that his respective medical

conditions and physical disabilities and their respective ages, were either the sole

reason or a motivating factor for the defendant's decision to engage in adverse

employment actions against him.

 The Plaintiff further claim that these adverse employment action was not

based on any lawful reasons.

D) The Plaintiff further allege as follows: (1) that Plaintiff was subjected to various adverse

employment actions by the defendants culminating in their actual or construction terminations;

(2) that Plaintiff was  subjected to  various adverse employment actions by the defendants

culminating in their actual or construction terminations solely because of their ages, medical

conditions and physical disabilities.

E). As a direct and legal result of defendant Employer's unlawful

employment practices as alleged above, Plaintiff suffered and continue to suffer

economic and non-economic damages to an extent and amount according to proof

at the time of trial. Economic damages shall include, but are not limited to, any and

all claims for lost wages, benefits, salary increases and income, both past and

future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and

anguish that has been and/or will foreseeably be experienced by plaintiffs,

that they were subjected to numerous adverse employment actions as identified in

this lawsuit, the final and fatal blow being the plaintiffs' wrongful and unlawful

Termination

27

F). Plaintiffare entitled to any and all compensatory damages, punitive

damages, costs, attorney's fees and all other damages, injuries and harms as

provided by law.

**SECOND CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE**

A). Plaintiffincorporate by reference the allegations contained in

Paragraphs 24 through 227of this Complaint as though fully set forth herein.

B). The Plaintiff seek damages against the defendants for ageist attitudes

and hostility against injured and disabled older workers that created a hostile work

environment in the work place. The Plaintiff further allege and contend as

follows: (1) that Plaintiff were subjected to ageist attitudes and hostility against

injured and disabled older workers that created a hostile work environment in the

work place; (2) the Plaintiff perceived the working environment to be abusive or hostile;

and (3) reasonable persons in the plaintiffs' respective circumstances would consider the working

environment to be abusive or hostile.

C) As a direct and legal result of defendant EMPLOYER's unlawful

employment practices as alleged above, Plaintiff suffered and continue to suffer

economic and non-economic damages to an extent and amount according to proof

at the time of trial. Economic damages shall include, but are not limited to, any and

all claims for lost wages, benefits, salary increases and income, both past an future.

future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and

anguish that has been and/or will foreseeably be experienced by plaintiff, all to

28

their damage and detriment, in a sum according to proof at trial. Plaintiff contend

that they were subjected to numerous adverse employment actions as identified in

this lawsuit, the final and fatal blow being the plaintiffs' wrongful and unlawful

actual termination.

D). Plaintiffare entitled to any and all compensatory damages, punitive

damages, costs, attorney's fees and all other damages, injuries and harms as

provided by law.

**THIRD CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)
CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS
AND DOES 1-100 INCLUSIVE**

A) Plaintiff incorporate by reference the allegations contained in

Paragraphs 59 through 78 of this Complaint as though fully set forth herein.

193. The Plaintiff seek damages against the defendants for retaliation.

The Plaintiff contend as follows: (1) that they participated in activities protected

under federal law [i.e., filing a discrimination complaint, initiating the EEO

process, objecting to mistreatment in the work place, filing a complaint for

mistreatment due to medical conditions and physical disabilities,

 (2) that the employer subjected Plaintiff to adverse employment actions; (3) that Plaintiff was

subjected to the adverse employment actions because of their participation in protected activity,

their opposition to unlawful employment practices, or their being older injured workers with

medical conditions and physical disabilities.

B). As a direct and legal result of defendant EMPLOYER's unlawful

employment practices as alleged above, Plaintiff suffered and continue to suffer

29

economic and non-economic damages to an extent and amount according to proof

at the time of trial. Economic damages shall include, but are not limited to, any and

all claims for lost wages, benefits, salary increases and income, both past and

future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and

anguish that has been and/or will foreseeably be experienced by plaintiffs, all to

their damage and detriment, in a sum according to proof at trial. Plaintiff contend

that he was  subjected to numerous adverse employment actions as identified in

this lawsuit, the final and fatal blow being the plaintiffs' wrongful and unlawful

actual termination.

C)  Plaintiffare entitled to any and all compensatory damages, punitive

damages, costs, attorney's fees and all other damages, injuries and harms as

provided by law.

**FOURTH CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (ADEA) CODIFIED IN 29 U.S.C. SECTION 621-634 AGAINST ALL DEFENDANTS AND DOES 1- 100 INCLUSIVE**

(102)        A) Plaintiff incorporate by reference the allegations contained in
Paragraphs 40 through 51 of this Complaint as though fully set forth herein.

B)  The Plaintiffare bringing claims for employment discrimination

against the defendants. termination because of his  respective ages, and there was no lawful

reason for such actions by the employer. The Plaintiff further contend as follows: (1) that

the defendants discharged or engaged in other adverse actions towards the

plaintiffs; (2) that the plaintiff was over 69 years of age at the time

he was discharged or subjected to various adverse employment actions; (3) the

defendants discharged or engaged in other adverse employment actions toward

30

economic and non-economic damages to an extent and amount according to proof

at the time of trial. Economic damages shall include, but are not limited to, any and

all claims for lost wages, benefits, salary increases and income, both past and

future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and

anguish that has been and/or will foreseeably be experienced by plaintiffs, all to

their damage and detriment, in a sum according to proof at trial. Plaintiff contend

that they were subjected to numerous adverse employment actions as identified in

this lawsuit, the final and fatal blow being the plaintiffs' wrongful and unlawful

actual termination.

C) Plaintiff are entitled to any and all compensatory damages, punitive

damages, costs, attorney's fees and all other damages, injuries and harms as

provided by law.


**FIFTH CAUSE OF ACTION FOR VIOLATION OF TITLE I OF THE
AMERICANS WITH DISABILITIES ACT OF 1990 (ADA) CODIFIED IN
42 U.S.C. SECTION 12101 AGAINST ALL DEFENDANTS AND DOES 1-
100 INCLUSIVE**

A . Plaintiffincorporate by reference the allegations contained in

Paragraphs 52through 56 of this Complaint as though fully set forth herein.

B) The Plaintiff claim that his  respective medical conditions and

physical disabilities were the reason for the defendants' decision to discharge him

or to otherwise engage in adverse employment actions towards him.

31

C)  As a direct and legal result of defendant EMPLOYER's unlawful employment practices as alleged above, Plaintiff suffered and continue to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiffs, all to their damage and detriment, in a sum according to proof at trial.

D. As a direct and legal result of defendant EMPLOYER's unlawful employment practices as alleged above, Plaintiff suffered and continue to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiffs, all to their damage and detriment, in a sum according to proof at trial.

E. Plaintiffare entitled to any and all compensatory damages, punitive damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.


SIXTH CAUSE OF ACTION FOR VIOLATION OF SECTIONS Violation of title II, § 209, 63 Stat. 392 codified in 40 U.S. Code § 123. Civil remedies for fraud .

32

. Plaintiffs incorporate by reference the allegations contained in

Paragraphs 79 through 82 of this Complaint as though fully set forth herein.


economic and non-economic damages to an extent and amount according to proof

As a direct and legal result of defendant EMPLOYER's unlawful

employment practices as alleged above, Plaintiff suffered and continue to suffer

economic and non-economic damages to an extent and amount according to proof

at the time of trial. Economic damages shall include, but are not limited to, any and

all claims for lost wages, benefits, salary increases and income, both past and

future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and

anguish that has been and/or will foreseea bly be experienced by plaintiffs, all to

their damage and detriment, in a sum according to proof at trial.

**E. Plaintiff is entitled to any and all compensatory damages, punitive damages, costs,**

**attorney's fees and all other damages, injuries and harms as provided by law.**


**PRAYER**

**WHEREFORE, PLAINTIFF Firooz Deljavan, hereby seek**

**judgment against defendants, and each of them, for:**


**(1) All actual consequential and incidental losses, including but not**

**limited to, loss of income and benefits, according to proof, together with prejudgment**

**interest and post-judgment interest;**


33

**2) All non-economic or general damages in an amount according to**

**proof;**

**(3) All economic or special damages in an amount according to proof;**

**(4) Punitive damages in amounts sufficient to punish and to deter**

**defendants, and each of them;**

**(5) For reinstatement to their former positions with this employer at the**

**same rate of pay, title and job classification;**

**(6) For all back pay and wages;**

**(7) For reasonable attorney's fees;**

**(8) For costs of suit herein incurred; and**

**(9) For such other and further relief as the Court deem**

DATED: January 11, 2020

Respectfully submitted,

firoozdeljavan

Firooz Deljavan

Pro Se.

7717 Val Verde Drive

Fort Worth , Texas 76133

Tel: 682 847 5664

Firoozdeljavan@gmail.com

34

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2020  the above and foregoing

document was served upon counsel for Defendant as shown below:


Christian P. Shippee – 24033063

christian.shippee@tbjbs.com
Attorney-in-Charge
Barry A. McCain – 24092787
barry.mccain@tbjbs.com
1717 Main Street, Suite 3400
Dallas, Texas 75201
Phone No.: 214-741-1166
Fax No: 214-259-8784
COUNSEL FOR DEFENDANTS
GOODWILL INDUSTRIES OF FORT WORTH
ELIZABETH BUTLER, ROSEMARY CRUZ,
AND TERRY WILLET

35

### Statement of the Fact

Last summer Justina involved with new relation with person who had criminal background (attempt murder and drug).
That relation was abusive and she was coming to work with a lot of body bruises.

Her boyfriend was arrested by authorities for parole violations and sent back to prison. . judge gave him 6 months of sentence in prison based on Justina testimony and her financial support. After sentencing her boyfriend started to abuse her verbally thru corresponding, email, phone conversations and prison visit.

This verbal abuse made her cry at least 4 to 5 times in each shift and she publicized with everyone in work workplace and some goodwill customers who they know her.

For the last 4 months I was telling her she needs to get help and she is not able to solve her relationship problems by herself and I tried to find her free psychological counseling program  to help her emotional problem through city and state agencies. Due to income level guidelines of city and state agency she was not qualified to participate in city or state mental health programs.

On Monday january 13 I found department of assistive rehabilitative service does not have an income level guidelines for admission. However they only accept Personality disorder not Behavioural disorder.

Because of her age I thought maybe she is going thru menopause that is the reason she has erratic mode or she is developing narcissistic personality disorder borderline which requires psychiatric treatment through medicine and she is perfect candid for

department of assistive rehabilitative service and she does not  need psychotherapy and counseling.

Tuesday after my doctor visit , i went to goodwill to tell her about program. I just said to her narcissistic personality disorder unfortunately she got busy with customer and I couldn't continue conversation nor enter donation center to explain because I was off duty.

My coworker told me wednesday that I made her upset because I insulted her by saying she is a narcissist. Also she is claiming that  I offered her money for sex. I thought it was a joke.
I was off thursday . when I retun on friday my co worker tpld me that she is telling everyone that i offered her money for sex. I thought this is not a joke it is serious accusation so I went to my manager and explain the situation. I never had that kind of conversation with her period. I always have professional relationship in work place environment.

I care about her physical and emotional safety. I do not want she get hurt and abused physically, emotionally and legally by her boyfriend after he was released from prison in March. I Informed her that all government agencies knew about their future plan thru their communication by email, phone conversation and she needs to get help to overcome her problems.

I certify that, to the best of my knowledge and belief, the statements provided here are true and correct.

        Firooz Deljavan

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2020-04569 |

**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. FIROOZ DELJAVAN | (817) 825-3735 | 1951 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7717 VAL VERDE, FT WORTH, TX 76133 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| GOODWILL INDUSTRIES OF FORT WORTH | 501+ | (817) 731-2929 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6908 CAMP BOWIE BLVD, FT WORTH, TX 76116 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-29-2020   Latest: 01-29-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I. PERSONAL HARM:**
A. I was discriminated against based on my Age (69) and Disability as pretext for my wrongful termination based on false allegations of sexual harassment by a female co-worker.
B. I was Retaliated against and terminated because I assisted other co-workers with workers compensation applications and issues.

**II. RESPONDENTS REASON FOR ADVERSE ACTION:**
A. Terminated for sexual misconduct.
B. Terminated for sexual misconduct.

**III. DISCRIMINATION STATEMENT:**
I believe that I was discriminated against because of my age, 69, in violation of the Age Discrimination in Employment Act of 1967. I believe that I was retaliated against in violation of Section 4(d) of the Age Discrimination in Employment Act of 1967. I believe that I was discriminated against based on Disability,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2020-04569 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

in violation of the Americans with Disabilities Act of 1990.  I believe that I was retaliated against in violation of Section 503(a) of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.  AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.





← Justina    🔍 ⋮

Thank you

Firooz Tina said we couldn't switch hours .. for awhile she called me in the office and told me

Tina is going to tell you also

Tuesday, Nov 26, 2019 • 6:37 PM

I left my jacket close to jowelery  box . Could you please take it to employee room. Thank uou

 Yes

Thursday, Nov 28, 2019 • 4:38 PM

Happy Thanksgiving.... thank you for the wine it's very tasty :)

Saturday, Dec 7, 2019 • 8:23 PM



How are you doing. 7717 Val Verde drive

← Justina

Sunday, Dec 8, 2019 • 1:12 PM

How are you doing? I pray for you that God helps you to get over from unnecessary grif. Be happy life is to short. Have good day.

Thank you Firooz... I'm o.k. ... yes I have to be happy... fuck him 🙂

Saturday, Dec 21, 2019 • 12:55 PM

I will be late for one hours. Firooz

Ok

Bring me lunch

Saturday, Dec 21 2019 • 3:19 PM

What do you want for lunch. I

Text message

12:59

← Justina    📹  📞  🔍  ⋮

Sunday, Nov 17, 2019 • 7:37 AM

 Firooz my mom changed her mind she decided not to go to the casino

Tuesday, Nov 19, 2019 • 2:49 PM

Could you please send text about my working hours tomorrow. Thank you

 Give me a few minutes ill go look

 Tomorrow you work 9:00- 5:30

Thank you

Firooz Tina said we couldn't switch hours .. for awhile she called me in the office and told me

Text message 🙂 🎤